IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

KELVIN HARRIS,                          :
                                        :
              Petitioner,               :
                                        :
VS.                                     :        **1 : 13-CV-17 (WLS)**
                                        :
COMMISSIONER BRIAN OWENS,               :
                                        :
              Respondent.               :
_____ :

## RECOMMENDATION

Petitioner filed with the Clerk this federal habeas corpus Petition pursuant to 28 U.S.C. § 2254 on February 1, 2013. (Doc. 1).   Presently pending before the Court is Respondent's Motion to Dismiss, wherein Respondent maintains that Petitioner has not exhausted his state remedies, and thus his Petition should be dismissed.   (Docs. 8, 8-1).   Petitioner asserts that exhaustion should not be required because there has been a clear lack of action by the state trial court. (Docs. 12, 16, 18).

### Background

In August of 1999, Petitioner was convicted of murder in Terrell County, and sentenced to life imprisonment.   (*See* Doc. 1).   On September 17, 1999, Petitioner filed a motion for new trial.   (Doc. 11-2).   A hearing was scheduled for November 23, 1999, but due to a delay by the court reporter, the hearing was rescheduled for April 13, 2000.   (Docs. 11-3, 18-1, p. 3). Petitioner's trial counsel, Robert Pinnero, requested the April 2000 hearing be continued due to the length of the trial transcript and the many potential issues that could be raised at the hearing. (Doc. 18-1, p. 3).

Mr. Pinnero filed a motion to withdraw as the attorney of record, which was granted in

November of 2004.   (Docs. 11-4, 11-5, 11-6).   On February 17, 2006, attorney Stasia Jankiewicz-Rutland was permitted to withdraw due to a heavy case load, and the Pataula Judicial Circuit Public Defender's Office was appointed.   (Doc. 11-7).

Petitioner states that he has had seven (7) attorneys, and has had over 500 pages of correspondence with his attorneys.   (Doc. 16, p. 2).   Additionally, it appears that counsel for Petitioner has recently visited Petitioner, and asked Petitioner to sign documents in order to proceed with an appeal, but Petitioner refused.   (*Id.*).   Petitioner has not filed a state habeas petition.

**Discussion**

"It has been settled since *Ex parte Royall*, 117 U.S. 241 (1886), that a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus."   *Picard v. Connor*, 404 U.S. 270, 275 (1971).   Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary."   *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986).   "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review."   *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).   Petitioner bears the burden of proving that he has exhausted available state remedies, and retains the burden to prove all facts relevant to the exhaustion requirement.   *See Rose v. Lundy*, 455 U.S. 509, 520 (1982); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3rd Cir. 1997); *Bethel v. Thomason*, 2011 WL 3320609, *2 (S.D. Ala., July 15, 2011); *Mack v. Singletary*, 142 F.Supp.2d 1369, 1375 (S.D. Fla. 2001).

In Petitioner's responses to Respondent's Motion to Dismiss, Petitioner alleges that he has

experienced unreasonable delays in the state court system because his motion for a new trial has

been pending for over fourteen (14) years.   (Docs. 12, 16, 18).   "State remedies will be found

ineffective and a federal habeas petitioner will be excused from exhausting them in the case of

unreasonable, unexplained state delays in acting on the petitioner's motion for state relief."   *Cook*

*v. Florida Parole & Probation Comm'n.*, 749 F.2d 678, 679 (11th Cir. 1985); *Deters v. Collins*,

985 F.2d 789, 795 (5th Cir. 1993) (finding that a petitioner may be excused from satisfying the

exhaustion requirements when the "state system inordinately and unjustifiably delays review of a

petitioner's claims so as to impinge upon his due process rights.").

   The delay in Petitioner's state court proceedings is not unexplained.   Petitioner states he

has had seven attorneys during his state criminal case.   (Doc. 16).   The state criminal case

appears to be complex and involve a myriad of issues.   Mr. Pinnero wrote a letter to the State

Bar of Georgia stating that the trial involved three co-defendants, numerous pre-trial motions,

more than sixty prosecution witnesses, and that the trial transcript was 850 pages.   (Doc. 18-1, p.

3).   Further, Petitioner maintains that he has been unable to pursue a direct appeal, and yet states

that he refused to sign documents allowing his current counsel to proceed with an appeal.   (Doc.

16). It appears from the record that Petitioner has caused at least some of the delay.

Additionally, Petitioner has failed to pursue a state habeas action, in which he could assert a claim

related to the lengthy delay in hearing his motion for new trial.   *See Little v. Hopper*, 236 Ga.

321 (1976) (case involving a writ of habeas corpus when a timely motion for new trial had been

filed but had been pending for a lengthy amount of time).

   On September 13, 2013, counsel for Respondent filed a Supplemental Brief, wherein he

stated that he received confirmation from the Chief Judge of the Superior Court of Terrell County

that the Chief Judge would be ordering a hearing to occur on Petitioner's motion for new trial

within the next 30-60 days.   (Doc. 17).   In a status report filed on October 25, 2013, Petitioner

states that he was brought before the trial court, but that the hearing was continued because

"nobody was ready."   (Doc. 21).   "[E]ven after a long delay has passed, if it is clear that the

state court has awakened to its duties and visible progress toward a disposition of the case is

being made, the federal court should be hesitant to interfere."   *Sloan v. Chapman*, 2011 WL

816789, *3 (S.D. Ga., Jan. 31, 2011); *see Slater v. Chatman*, 147 Fed. Appx. 959, 960 (11th Cir.

2005).   As Respondent has provided information showing that Petitioner's state case is moving

forward, the Court is hesitant to excuse the exhaustion requirement.

If the outcome of the motion for new trial is unfavorable to Petitioner, he has the

opportunity to appeal his state case.   Additionally, Petitioner may seek a state writ of habeas

corpus to challenge the delay.   O.C.G.A. § 9-14-1.

Petitioner has not exhausted his claims at the state court level.   The lengthy delay has been

caused in some part by Petitioner, Petitioner has failed to file a state habeas petition regarding the

delay or his grounds for relief, and it appears the state court is moving toward a disposition of the

state case.   The Court finds that Petitioner has failed to discharge his burden to establish that the

delays in the state court system excuse or waive the exhaustion requirement.   *Lambert*, 134 F.3d

at 513; *Bethel,* 2011 WL 3320609 at *2.

As Petitioner has failed to pursue available state court remedies regarding the grounds for

relief raised in this federal habeas Petition, it is the recommendation of the undersigned that the

Respondent's Motion to Dismiss be **GRANTED** and that this federal habeas corpus Petition be

**DISMISSED** without prejudice to Petitioner's right to refile once he has exhausted the remedies

available to him in the state court system.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this

recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN

FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 29th day of October, 2013.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

llf