**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| KELVIN HARRIS, | : |
| Petitioner, | : |
| v. | : CASE No.: 1:13-CV-17 (WLS) |
| COMMISSIONER BRIAN OWENS, | : |
| Respondent. | : |

# ORDER

Before the Court is a Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed October 29, 2013. (Doc. 22.) Judge Langstaff recommends that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be dismissed for failure to exhaust state remedies. (*Id.* at 4.) Per Judge Langstaff, though Petitioner's September 17, 1999 Motion for New Trial has not yet been ruled on, the lengthy delay has been caused in some part by Petitioner; Petitioner has failed to file a state habeas petition regarding the delay or his grounds for relief; and it appears the state court is moving toward a disposition of the state case. (*Id.*) Thus, Judge Langstaff concludes that Petitioner has failed to discharge his burden to establish that the delays in the state court system excuse or waive the exhaustion requirement. (*Id.*)

On November 14, 2013,[1] Petitioner filed fifteen (15) objections to Judge Langstaff's Recommendation. Without going through each one (as many are not

---

[1] The deadline for filing written objections was technically November 12, 2013. The certificate of service attached to Petitioner's objections, however, is dated November 7, 2013. Thus, pointing to the certificate of service that bears Petitioner's signature, out of an abundance of caution, the Court will deem Petitioner's objections as timely submitted. *United States v. Miller*, 420 F. App'x 912, 913 n.3 (11th Cir. 2001) ("Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing. [Therefore, a]bsent evidence to the contrary, there is a

specifically relevant to the exhaustion issues), the Court notes that Petitioner argues, in direct response to Judge Langstaff's conclusions, that 1) he has not signed off on a direct appeal because he does not want to pursue a "piecemeal" appeal and 2) this Court should look to the holding in *Walker v. Roberts*, No. 5:05-cv-222 (CAR), slip opinion (M.D. Ga. Apr. 28, 2006), to conclude that his (Petitioner's) failure to exhaust state remedies should be excused in this case. The Court will address these objections.

    Petitioner relies heavily on *Walker* for the proposition that he should be excused from the requirement that he exhaust state remedies before pursuing federal habeas relief. *Walker* is, however, distinguishable from the case at bar. In *Walker*, the petitioner availed himself to state remedies prior to the filing of his federal habeas petition, filing both a state habeas petition and a writ of mandamus to obtain a hearing on his motion for new trial. *Walker* also appealed the denial of his state habeas petition. Petitioner Harris has taken no such steps at the state level to challenge the delay on his motion for new trial, thereby providing the Court with no current grounds for excusing the exhaustion requirement.[2] *See, e.g., Roberts v. Morales*, No. 1:10-cv-143, 2011 WL 5057053, at *1 (S.D. Ga. Sept. 27, 2011) (refusing to excuse exhaustion requirement where petitioner "has still not given the state courts a 'full opportunity' to address his grievances" via a state habeas petition or writ of mandamus challenging the delay in the resolution of his motion for a new trial). Additionally, though it is possible that the state habeas court may dismiss Petitioner's habeas petition as premature, as was done in *Walker*, this is still not a reason for the Court to consider Petitioner's instant petition

---

presumption that a prisoner delivered his pleadings to prison officials on 'the day he signed it.'") (additional citations omitted).

[2] When the exhaustion requirement has been excused by courts in this state, the petitioner in question had previously availed himself to state remedies. *See Sloan v. Chapman*, No. 1:10-cv-96, 2011 WL 816789, at *1 (S.D. Ga. Jan. 31, 2011); *Cail v. Smith*, No. 6:05-cv-41, slip op. at 2 (S.D. Ga. Dec. 6, 2006), *adopted by* No. 6:05-cv-41, slip opinion (S.D. Ga. Jan. 3, 2007).

since "courts in this state *have been willing* to entertain a habeas petition, even when the petitioner's conviction is not yet final, where the habeas petition raises issues relating exclusively to the constitutional violations arising from appellate delay." *See id.* (citing *Little v. Hopper*, 236 Ga. 321 (1976)) (emphasis added). Simply put, Petitioner must give the state court "one full opportunity" to address the constitutional issue arising from the delay on his motion for a new trial. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Therefore, upon full review and consideration upon the record, the Court finds that said Recommendation of Dismissal (Doc. 22) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this  2nd  day of December 2013.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**