**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| KELVIN HARRIS, | : |
| Petitioner, | : |
| v. | : CASE No.: 1:13-CV-17 (WLS) |
| COMMISSIONER BRIAN OWENS, | : |
| Respondent. | : |

**ORDER**

By Order dated December 2, 2013, this Court dismissed the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed in the above-captioned matter. (Doc. 24.) Also on December 2, 2013, Petitioner filed a document styled "Petitioner's Supplemental Argument With New Evidence in Support of His Objections to Case Dismissal." (Doc. 26.) Therein, Petitioner informs the Court that the Superior Court of Terrell County, Georgia, has declined to rule on his *pro se* motions, concluding that they should be ignored as a matter of law because Petitioner is represented by counsel. (*See* Docs. 26, 26-1.)

As an initial matter, Petitioner's supplemental filing to his objections is untimely. The period within which to object to United States Magistrate Judge Thomas Q. Langstaff expired on November 12, 2013. Therefore, Petitioner's supplemental objections, entered December 2, 2013, were filed well outside of the objection-period window. Even if the Court were to consider Petitioner's submissions, they fail to include any information to disturb the finding that Petitioner's federal habeas petition should be dismissed due to his failure to exhaust state remedies. Petitioner is strongly encouraged

2

to desist in his efforts to get the federal court to act where it cannot. Instead, he should focus his efforts on pursuing his state remedies, as that is where his remedy, if there is any at this juncture, lies. Accordingly, the Court's December 2, 2013 Order dismissing the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 still stands.

**SO ORDERED**, this  4th  day of December 2013.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**

2